**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1057**

SOLON PHILLIPS,

　　　　　Plaintiff - Appellant,

　　　v.

MARYLAND BOARD OF LAW EXAMINERS; JONATHAN AZRAEL; JOHN
MUDD; DAVID RALPH; MATTHEW MILLS,

　　　　　Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Albert David Copperthite, Magistrate Judge.  (1:19-cv-02427-ADC)

Submitted: July 14, 2020　　　　　　　　　　　　Decided:  July 17, 2020

Before WILKINSON and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, reversed in part, and remanded by unpublished per curiam opinion.

Solon Phillips, Appellant Pro Se.  Michele J. McDonald, Assistant Attorney General, James
Nelson Lewis, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore,
Maryland for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Solon Phillips appeals from the magistrate judge's order[1] granting Defendants' motion to dismiss and dismissing his six-count amended civil action for lack of subject matter jurisdiction under the *Rooker-Feldman*[2] doctrine. Upon de novo review of the dismissal decision, *Burrell v. Virginia*, 395 F.3d 508, 511 (4th Cir. 2005), we conclude that, as to counts 1 through 4, the magistrate judge correctly held that the claims were barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker–Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *Thana v. Bd. of License Comm'rs for Charles Cty.*, 827 F.3d 314, 319-20 (4th Cir. 2016).

As to counts 5 and 6, however, we conclude that those counts are not barred by the *Rooker-Feldman* doctrine. Unlike counts 1 through 4, counts 5 and 6 do not claim injuries caused by the judgment of the Maryland Court of Appeals. Instead, counts 5 and 6 allege that the *Board* engaged in actions that violated Phillips' Constitutional rights (count 5) and amounted to a tort under state law (count 6). Because these counts do not seek "redress for an injury caused by the state-court decision *itself*," *Davani v. Virginia Dep't of Transp.*,

---

[1] The parties consented to the jurisdiction of the magistrate judge under 28 U.S.C. § 636(c) (2018).

[2] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

434 F.3d 712, 718 (4th Cir. 2006) (emphasis added), they are not barred by the *Rooker-Feldman* doctrine. *See Thana*, 827 F.3d at 320 ("[I]f a plaintiff in federal court does not seek review of the state court judgment itself but instead presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court.") (emphasis and internal quotation marks omitted). We therefore reverse the magistrate judge's dismissal of counts 5 and 6 and remand for further proceedings on those counts. We treat Phillips' motion for judicial notice as a motion to supplement his informal briefs, grant that motion, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*REVERSED IN PART, AND REMANDED*